This morning is 18-41085, United States of America v. Slape. Mr. Lespin? Let's have you. Ma'am? Never mind. I'm trying to save paper in this, be more efficient. Good morning, thank you, may I take, remove this? No, please. Thank you. This case, judges, is quite unique to me in my practice as a panel attorney, just based upon the scope of the certificate of appealability and the question of, is there a ground for ineffective assistance of counsel whereby the district judge erred in failing to grant an evidentiary hearing? And so, my read of the law and the way we've presented it comes down to if it's not a conclusion within all the paperwork, the district judge should have granted an evidentiary hearing. In other words, if there's any question whatsoever, an evidentiary hearing should have been granted. So the first thing that came through my mind all the way through is, this thing clearly is unique in the sense that we have an indictment that was not proper because of the fact of a grand jury after its term. What fact issues do you think there are? Fact issues? One, the first case he pled on and then subsequently, so we had a normal deal, but then the government comes back and the government says that was all wrong because the indictment was improper from the get-go. So then, they re-indict him in a second case, the 2015 case, and factually, there's a dismissal a week later and about three weeks later, two and a half weeks later, there's the order of dismissal. I meant, what fact issue do you, you said he is entitled to a hearing. Right. What fact issues would there be at a hearing? Ineffective assistance of counsel based upon his entry of his plea to the information without knowing about the double jeopardy, claims, issues, possibility, anything like that. So if I'm answering your question right. So ultimately, in the second case, he pled to an information through a plea bargain, but he didn't have any advice, any word, any legal advice, consultation, whatever, regarding the possibility of a double jeopardy claim as against that particular, that second conviction. So he should have been advised of the possibility of raising a double jeopardy claim. If our conviction was void, because the grand juror was not correct. The first one, the first one may have been yes, but the second one. May have been? How could it not have been void if the grand juror was not properly extended or whatever they needed to do? It is void for, as far as the indictment from the outset, but it doesn't affect the judgment that was entered. So at the point in time that he was re-indicted, nothing had ever been judicially declared or even moved to dismiss. So at the point in time the second indictment came down, there was an issue of double jeopardy. However meritous it may have been, he still should have been counseled and talked to or advised regarding the possibility of a double jeopardy situation. That presupposes that there is a valid double jeopardy issue, correct? I mean, he's not entitled to a hearing if the lawyer didn't err. That is, that if there is no double jeopardy problem, right? I would disagree. And the reason why I would disagree is because just the possibility of a double jeopardy in and of itself has to be fully researched. I mean, that very well could be true, but that has to be established through the evidentiary hearing and the briefing that goes along with that. Well, I guess going back to Chief Judge Owen's question, an evidentiary hearing would have included the advice or not advice of counsel. Would that be the purpose of the hearing is to decide what the lawyer did or didn't advise the client? In part, yes. Okay. All right. So if we agree with the government that there is not a double jeopardy problem, would you say that that moots out the issue regarding the evidentiary hearing? No. Okay. Let me go back to one other thing that you said, and then I'll stop interrupting you. We use the word void. In this context, if we say the first prosecution and conviction plea is void, then it is as though it never existed. Is that a fair definition in this context? I disagree. And the reason why I disagree is because it's well settled under law that even though a judgment may be void because of lack of subject jurisdiction or anything, there still has to be something subsequent declaring it void. Otherwise, everybody is mandated to follow a judgment, whether it's a criminal or a civil judgment. In this case, there is no judgment setting aside the plea or vacating the criminal judgment. There was a Rule 48A motion to dismiss, which one of the questions that lingered regarding that for me was, is 48A even a proper vehicle to use post-conviction? What is your best case to support the proposition that the initial prosecution and the J&C, the initial record, is valid today for double jeopardy purposes? If you look at the McIntosh case that I referenced from the Eleventh Circuit, that one is, in our opinion, basically directly on point. And it's the only case that we've really found discussing a dismissal versus a set-aside vacate. And I mean, even in this action, if there's a post-conviction remedy, even a 2255 is a motion to modify, set aside, or vacate. It's not a motion to dismiss an indictment. So procedurally and declaratorily, from the trial court that has jurisdiction, you would have to have something judicially declaring that the conviction itself is set aside. And that's, in our opinion, evidenced by even the docket reports. The government cites a rather old U.S. Supreme Court case, Ball v. United States, and you don't seem to address that in your briefing, for the proposition that jeopardy doesn't attach when the court never had jurisdiction over the case. Our responses have been that jurisdiction or double jeopardy attaches when one pleads, well, clearly from this court, when a jury sits or in a bench trial, when evidence is starting to be admitted. In this particular case, it did, the first case, did result in a guilty plea by plea bargain, but a jury was seated. That happened during the middle of a jury trial. So you've got that fact, one. Number two, you've got the particular fact that case law has clearly said that once a guilty plea is entered, a conviction is de facto as of then. So, I mean, the whole thing comes down to the fact that we don't have anything judicially declaring that the conviction is void, is vacated, is set aside. If that happened, why would jeopardy, would there be double jeopardy in re-indicting him? If that's, I mean, it seems like that could happen, so that's, is that really an answer? I'm sorry. You said what we need is to set aside that prior judgment. Is that really an answer? Because, I mean, that could happen. Could they re-indict him after that? Very possibly. I think part of the issue in regards to the evidentiary hearing comes down, the fact, and this is where I would say there's a question for an evidentiary hearing, the fact that they actually made their motion after they re-indicted. So if they had, if it had been set aside or dismissed or vacated, even if dismissed was enough, if it had been done prior to the re-indictment, then you would, you would have a different chronological scenario, but the fact of the matter is a second prosecution began before there was anything that was dismissed, much less nothing being vacated or set aside. What's your best case that says an indictment either gives a trial court jurisdiction or does not give a trial court jurisdiction? I guess I don't have off the top of my head a specific case to cite to give you that answer other than saying I'd refer to my brief, but I would, I would come back to you just based upon my knowledge and say an indictment always confers jurisdiction. Well, if it's a void indictment, does it confer jurisdiction? The government's argument is that if, if the court didn't have jurisdiction and it's just void from the get-go, then it's a nullity and, and double jeopardy doesn't attach, but the government says if it's voidable, we've got a different situation. So my question is, was the fact that the indictment was, it really was a nothing because it was without authority to do what it did? If that... Does that mean the trial court had jurisdiction, but the indict, the whole proceeding is voidable or is it void such that the trial court never had jurisdiction? The trial court had jurisdiction, even though the indictment may have been void because the trial court had to have jurisdiction to declare it or dismiss it. So if the trial court never acquired jurisdiction, period, as a matter of the indictment, then the trial court would never be able to grant a 48, 48A motion because it never acquired jurisdiction. And also, we would also be looking at the, at the issue of, of a statute of limitations, which goes to an evidentiary hearing as well. If the government were correct in that point and the matter never came in, then there should be an analysis as regards to the allegations versus the particular statute of limitations. I mean, we've got the statutes, the 3288 and 3289 statutes, which give the government power or the court jurisdiction to come back within six months after a dismissal and reindict if, if, if, if it truly is void and it never happened and that, that court never had jurisdiction, 38, 3288 and 3289 would never be able to kick in to grant jurisdiction. So I mean, the idea that a court never has jurisdiction or a jurisdiction is void, I believe, I believe is a complete incorrect analysis because the trial court clearly has jurisdiction over the matter. The question is what, what relief or what declaration should come from the court regarding the particular situation? I know, I know the stuff I gave y'all this morning was late from last night and I apologize for my tardiness on that, but that DC court, that Smith court refers to a Supreme Court case, uh, Engelbert, I think is the name of it, something like that, and, um, basically the Supreme Court in that case, which was like an early 2000s case, how the Supreme Court was talking about jurisdiction versus rules that are claims processing and the Supreme Court said, no, the timelines within there are not jurisdictional, they're claims processing, that's using their words. The 7th, the 7th circuit had come out in Engel, Engelbert, whatever the name of that, I'm sorry if I'm butchering that, Engelhart, sorry, but something like that, uh, is the name of the case. But the, the 7th circuit had come back and said that the timelines within the rules of, of criminal procedure are jurisdictional and the Supreme Court came back and said, no, there's a difference between jurisdiction and then claims processing. So, um, I would say that the rules that we're looking at, what is it, 3291, I believe it is the, the statute that grants general jurisdiction, the Supreme Court in that case in Engelbert, which the DC circuit in the Smith case discusses, that once the trial court grant, uh, gains jurisdiction through 3291, that, that jurisdiction stays and continues so that they can take care of business, in my words, take care of business regarding the case at hand. If it was improperly done, properly done, whatever needs to be done, somebody has to be able to declare it vacated, or set aside, or even grant a dismissal, and, and . . . You don't have to have jurisdiction to grant jurisdiction, to grant dismissal based on lack of jurisdiction. That's why the, sort of one of the questions in my mind is what triggers the trial court's jurisdiction, a valid indictment or even a void on its face indictment? Uh, in, in, in my, and this would be my opinion, which y'all's opinion is what matters, but my humble opinion would be . . . Ma'am, I'm sorry. Uh, my humble opinion would be that the court acquires jurisdiction, even though it may later find that, that the case wasn't properly before it, and for whatever declaring there may be a lack of jurisdiction, but somebody still has to make, have jurisdiction to make that. I can't just go to any particular court and seek a habeas relief. I can't forum shop. So, somebody, somewhere, even if it's a 2255, because I later find, if it was from the defense and I later found that there wasn't jurisdiction, I'd have to use 2255 or something to go to the proper court, if that make . . . So . . . Good morning, Your Honors, and may it please the court. I'd just like to start, if I could, with Judge Englehart's question. He asked, um, if, uh, if, if this court says it's void, the initial, the 2012 case, um, that initial indictment, I think Mr. Slate gets everything he wants, and that's what we're, we're asking the court to do, is to endorse our argument that it was void ab initio. Um, Mr. Slate says that if the indictment was void, that doesn't necessarily mean that there was a, a void conviction and a void sentence. In our view, uh, they follow directly, um, because there doesn't need to be anything to wipe the slate clean, and I think, um, the, uh, the Macklin case, uh, establishes that principle, even if, I think, uh, Chief Judge Owen, you were asking about jurisdiction, what confers jurisdiction. I think we've been very careful in our brief to say, um, the, the way Macklin used the word jurisdiction may have been a little bit too broad because of what happened and what the Supreme Court said in Cotton, that we're careful about that word now. I don't think in the end it, it makes a dispositive difference because Macklin did rely on Rule 7a, and Rule 7a says that the district court can't proceed on a felony charge, um, absent an indictment. Uh, and here, there was no indictment, so there couldn't, the district court couldn't proceed to a valid trial, couldn't accept a, a valid plea absent a valid indictment. In the best case, it says a, a, a void indictment or an indictment that was totally improper does not confer jurisdiction on the district court. I, I think it is Macklin, I mean, I think Macklin actually is, is directly supportive of that. Um, whether it's jurisdiction or whether it's just an inability for the district court to proceed on the, on the trial itself, um, one way or the other, there was no valid conviction from the beginning. There was no valid sentence. No, you, you make the point, you're the one that raised the point of void versus voidable. Right. Invalid doesn't necessarily, I can't talk today, valid, invalid does not necessarily answer that question. I, I think it doesn't, I, I think you're right. I mean, we're, we're kind of dancing around cases that don't, I don't think there's any single case that applies fully to these facts. I think the Schlang case is good for us in the sense that it was a case where this court said, um, there was a defective indictment. It was a, it was an issue that went to the district court's jurisdiction. That meant the indictment was void. That meant, um, there could be, that jeopardy couldn't attach. That's a close case for us. It's not, it's not perfect. I think Macklin is the same way, um, but I think this, uh, and I think defense counsel said from the very beginning, the law isn't conclusive. I think that's true and what that means is that we're looking at this through the lens of Mr. Linder. When he comes into the case in April of 2015 and he's looking at this and he says, well, the government's offering you, you currently have 20 years, uh, the government's going to say, no, actually you only have to serve 12 years because that's based on an invalid indictment. That's to me, an attorney is going to be looking at that and looking at the bottom line and thinking this is, this is fantastic and this is the end of it. Um, and I think just to, I know Strickland is, is very settled and everybody knows all about it, but I think there's just that, that line in Strickland and I, and Mr. Slate cites it in his opening brief that counsel has to be committing errors so serious that counsel can't be said to be functioning as the counsel within the meaning of the Sixth Amendment. Uh, I don't think Mr. Linder, that could be said about Mr. Linder here, given the issues we've just been talking about, just the fact that there wasn't anything directly on point for him to say, yes, obviously there's a double jeopardy claim here. And I would note too that there was a Macklin 2 and a Bolton 2. Those were grand jury, so in those cases the grand jury's term had expired and they purported to issue an indictment anyway. Uh, even though those, so those indictments were void, the defendants were actually tried later on, on different indictments from a new grand jury and no one ever suggested in those second appeals that there was a double jeopardy problem. Now, of course, again, that's not conclusive, of course, um, but it is more evidence. I think there are just a number of data points in this case for why Mr. Linder wouldn't think there was a double jeopardy problem. Um, yeah. Were other indictments voided because of the, the, um, the status of the grand jury that was issuing the indictments? Do you mean there were, were there other cases? Yeah, there, there were, there were several, um, and the, the government, as soon as it of, uh, you know, how do we fix this? And, and, and there were cases that were in the pipeline pre-plea and there were, there were post-plea ones and there were cases like this that were post-sentencing. And I think it had kind of an established procedure for each case. And I think Mr. Slape's case, because, um, this is coming up on a 2255, I, I would have to guess, but don't know for sure, but I would have to guess that his is probably the very last case that's still affected by this. The Sherman case that we've cited in our brief was, was one of the more obvious ones where this court had actually issued opinions, uh, in the case and that the 2015 case where the court said the plea, the appeal waiver didn't prevent the defendant from raising a claim about it. And, and we wouldn't dispute that here. We're not trying to, uh, enforce this collateral review waiver. Um, and then the 2016 Sherman case, which is another data point actually, where the court said, and again, not a double jeopardy claim raised there, but the court said nothing would prevent the government from seeking a re-indictment. And, uh, you know, again, that if, of course, Linder was acting before this court decided Sherman, but had Linder seen that and known that that was the law, then another reason to think no, no double jeopardy problem. Um, Chief Judge Owen, you asked, uh, early on what fact issues need to be resolved here, if any. I, I think for the most part, what counsel has been talking about it in Mr. Slape's reply brief, especially at five to six, uh, he's focusing on legal issues. He's saying, well, it's un, the law is unsettled, uh, which circuit law should this court follow, the second or the seventh or the eleventh? Um, those are unsettled legal questions. They're not factual disputes, disputes which, if resolved in the defendant's favor, would entitle him to relief. And that is the standard under, I think Norman, which we talk about for a COA issue, but Norman is relevant on the evidentiary hearing point as well, um, men, mentions that standard. Uh, I think, um, just a couple of other points that, that counsel raised when he mentioned that McIntosh is directly on point. I don't think it is directly on point because of this distinguishable, this void versus void, voidable distinction that relies on Ball. Again, in our view, this is a, this is a void indictment. McIntosh was just a minor flaw in that indictment in that case. Um, also, an interesting point too, counsel mentioned that once a guilty plea is entered, there's a conviction. That, and McIntosh did say that, but McIntosh relied on Kirk of Ball, a Supreme Court case that this court in Broome, the one that we've cited in our 28-J letter, Broome says that Kirk of Ball is just, kind of says that in a one-off, one-line piece of dicta that isn't really relevant to the double jeopardy context. So I, I think, again, McIntosh is, is not, not over the target. Um, as far as the statute of limitations, I, the offense conduct in this case was 2011. The government re-indicted Mr. Slate in May of 2015. So the, there was no need for, I think the government cited 3288 and 3289 in a lot of these cases just as a, as a matter of rote procedure. I don't think it needed to do that in this case because the offense conduct in 2011, the re-indictment in 2015, I think, uh, the heroin conspiracy was just a standard five-year statute of limitations. So no problem there, I don't think. Um, if the court has questions about what we said about the, the COA requirement, because the court did ask about that in the COA order, which is page 323 of the record, the, uh, Judge Costa there in granting the COA asked the question of whether a COA is needed on the underlying, or, or whether a defendant needs a COA to proceed, uh, to argue that he was improperly denied an evidentiary hearing. Um, our view is that it is both necessary and sufficient for the district court to, or excuse me, for this court to grant a COA on the underlying constitutional claim for the defendant to then get into this court to be able to complain about the substance of the denial of an evidentiary hearing. Um, we don't think the district court abused its discretion in denying a hearing here. We don't think because there's any factual dispute to be resolved, um, there's any need to send it back for that reason. Uh, and unless there are further questions, I would just rest on our, on our briefs. Thank you, Your Honors. A double jeopardy issue would not go based upon the 2012 date of the conviction or the date of indictment. It would go based upon the date of, a statute of limitation analysis is going to go based upon the date of offense. So if it's the five-year statute of limitation, that analysis would not be based upon clearly when the judgment came down or anything like that as, as the government was saying, you know, it was just a couple of years or three years. I mean, so I, I disagree, I humbly disagree with that. I also, I also disagree with the point that, uh, a double jeopardy issue is not there. The factual, the fact in this case that the motion to dismiss was, was done after an indictment came down when there was a conviction pending creates an issue that has to be looked into. What went on? What facts are there? Mr. Slate was entitled to counsel and advice to bring up the issue to him where he could knowingly and intelligently make a decision to agree to the 144-month offer that was made and cling to the information. Even though it may have been a remote shot in the dark or whatever, he was entitled to know about the situation and it may be completely true that Mr. Linder thought there wasn't anything or, or maybe he presumed that it wasn't any double jeopardy issue. Whatever that is, that's an evidentiary hearing to determine that and see what Mr. Linder was thinking, what his analysis was in regards to trying to determine what advice was given because we do not know. There go, or therefore, the evidentiary hearing is needed in this situation. If it were simply an issue to come in and say, hey, look, we're the Fifth Circuit Court of Appeals. We have jurisdiction over this matter and we can declare that the, um, that the judgment truly wasn't. Has any effort been made to ask the trial counsel what he thought? Not to my knowledge. I don't know that I, I don't know in, in regards to what communication took place between Mr. Slate and Mr., Mr. Linder in regards to what took place before the petition was filed on the 2255 and in my appellate view, if I was supposed to be able to take deposition or interrogatories or anything, I'm not aware of that. So if I've. You haven't discussed this with your client? I've discussed, yes ma'am, I've discussed many things with my client. My client has instructed me today that he wants to pursue forward, even though he's been released, that was the whole reason we abated, because he wants more information in regards to the possible double jeopardy issue or, or question or claim and he wants more, he wants more on that. So, without going too much into attorney-client, that. Your point is on the ineffective assistance. You want an explanation from counsel, trial counsel, as to why he did not give advice on double jeopardy and you're saying you want a hearing to get into his thought processes and normally when we get these cases, they say we've talked to the lawyer and he or she said X, Y or Z and, and we, if, if we got a chance at an evidentiary hearing, we could present that evidence. Here you're saying we don't know what would come out of an evidentiary hearing. I'm just asking. Yes, ma'am. That's correct. One. Number two, my client wants to be involved in the potential asking of those questions of his, of his appellate counsel. I mean, in regards to my ability to communicate with my client, I, I'm sorry, BOP, especially under COVID has been very, very, very difficult to have communication. Me even accomplishing communication regarding my abatement issue was, that was extremely difficult. But he's out now. He's out now. That's the last 10 days. So, that, that clearly, now, now we're in a different boat, yes, but an evidentiary hearing gives, anyway. I don't know if there's any last thing y'all would like me to address with my last 30 seconds. Thank you, counsel. We recognize that you're court appointed and we very much appreciate your willingness to do this and you've done an excellent job for your client. Thank you. Thank you. And if I may respectfully say to the Chief Judge Sickenbearers.